UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRELL E. JONES,

        Plaintiff,

v.

PIERCE COUNTY JAIL, *et al.*,

        Defendants.

CASE NO. 3:19-cv-06241-BHS-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

This matter is before the Court on plaintiff's complaint under 42 U.S.C. § 1983, which the District Court has referred to the undersigned. *See* Dkt. 2. Plaintiff, who is a pretrial detainee proceeding *in forma pauperis* and *pro se*, seeks damages from defendants Pierce County Jail and A. Mastrada for alleged unconstitutional conditions of confinement—namely filthy recreation yard conditions that plaintiff states caused him to become ill.

Plaintiff's claims against Pierce County Jail and defendant Mastrada in his official capacity fail because plaintiff does not bring them against the proper defendant (Pierce County) and does not allege a municipal custom, policy, or practice that caused the alleged constitutional

violation.  However, the Court will offer plaintiff an opportunity to amend these claims before service, if he wishes to proceed against the County.  Failure to show cause or amend the complaint will result in the undersigned recommending dismissal of all claims except claims brought against defendant Mastrada in his individual capacity for damages.  If plaintiff takes no action in response to this Order by **February 28, 2020**, then the undersigned will direct service of the complaint on only defendant Mastrada.

## BACKGROUND

Plaintiff alleges violations of the Eighth Amendment related to conditions of his pretrial confinement at Pierce County Jail.  *See* Dkt. 5, at 4.  Specifically, plaintiff alleges that on September 5, 2019, he was taken to the jail yard, where there was "visibly an inexcusable amount of bird droppings and feathers littered around the yard area." Dkt. 5, at 4–5.  Defendant Mastrada—who plaintiff alleges "had the authority to close the rec yard"—was alerted and "took notice of the area[,] said he'd work on it[,] and left." Dkt. 5, at 5.  Plaintiff had to remain in the yard in the meantime, which he alleges caused him to become ill, to begin vomiting, and to ultimately be left bedridden with physical symptoms for a week.  *See* Dkt. 5, at 5.  He requests monetary damages from defendant Mastrada for deliberate indifference (for not closing the recreation yard immediately and allowing individuals to remain in the yard after learning of the unsanitary conditions) and from defendant Pierce County Jail.  *See* Dkt. 5, at 5, 9.

///

///

///

///

## DISCUSSION

### I. Screening Standards

Because plaintiff brings claims against a government entity and a government employee, the Court must review his complaint and dismiss any portion of the complaint that fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A. However, because plaintiff is *pro se*, the Court will offer him an opportunity to amend his complaint unless it appears that any amendment would be futile. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). Here, plaintiff's complaint suffers from deficiencies that will result in the undersigned recommending dismissal of certain claims unless plaintiff corrects those claims in an amended complaint.

### II. Claims Against Defendant Mastrada in Individual Capacity

The Court interprets plaintiff's claims as claims under the Fourteenth Amendment, since plaintiff alleges that he was a pretrial detainee at the time. *See Castro v. Cty. of L.A.*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (pretrial detainees' claims considered under the Fourteenth Amendment, not the Eighth Amendment).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To prevail on a conditions of confinement claim under the Fourteenth Amendment, a pretrial detainee must show that the conditions under which the detainee was confined put him at "substantial risk of suffering serious harm." *See Castro*, 833 F.3d at 1071. Moreover, such a claim requires a showing of "objective indifference, not subjective indifference" by the prison official. *See Gordan v. Cty. of Orange*, 888 F.3d 1118,

1120 (9th Cir. 2018). Objective indifference is "more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 888 F.3d at 1071.

Solely for the purposes of § 1915A screening, the Court finds that plaintiff has adequately stated a claim that defendant Mastrada in his individual capacity violated the Fourteenth Amendment. Plaintiff alleges that Mastrada disregarded a substantial risk of serious harm posed by not immediately closing the recreation yard, which caused plaintiff to become physically ill. However, the Court cautions plaintiff that even if he has adequately alleged this claim for screening purposes, that does not mean that the claim will necessarily survive any motion to dismiss. Further, plaintiff's remaining claims are deficient in the respects discussed in the remainder of this Order.

**III. Claims Against Pierce County Jail and Against Defendant Mastrada in Official Capacity**

Plaintiff requests damages for the allegedly unconstitutional yard conditions from defendant Pierce County Jail. However, the proper defendant for such a claim is Pierce County—not the jail—since Pierce County is the municipal entity at issue. *See, e.g.*, *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996).

Moreover, even if plaintiff amends his pleading to list Pierce County as a defendant, his claim is inadequate because local governments are not liable simply on the basis that their employees committed misconduct. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). A claim against a municipality requires a showing that the constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.'" *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (citation omitted). "Official municipal policy

includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61. A plaintiff must show that the policy, practice, or custom caused the constitutional deprivation. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). And like all allegations, allegations that a municipal custom, policy, or practice caused the constitutional deprivation at issue must go beyond merely reciting the elements of a cause of action but "must contain sufficient allegations of underlying facts to give fair notice," "to enable the opposing party to defend itself effectively," and to "plausibly suggest an entitlement to relief." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotation marks and citation omitted).

Here, plaintiff does not adequately allege a municipal policy, custom, or practice was the moving force behind the alleged constitutional violation. Indeed, he alleges that the state of the recreation yard was contrary to Pierce County Jail policy. Dkt. 5, at 7. Therefore, any claim against Pierce County is inadequate.

An official capacity suit against a municipal officer is equivalent to a suit against the municipal entity. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). When the local government entity is also named, the suit against the municipal officer in his official capacity is redundant. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Thus, to the extent that plaintiff brings claims against defendant Mastrada in his official capacity, those claims fail, as well.

///

///

///

## CONCLUSION AND DIRECTIONS TO CLERK AND PLAINTIFF

Unless plaintiff shows cause or amends his complaint on or before **February 28, 2020**, the undersigned will recommend that the claims against Pierce County Jail and against defendant Mastrada in his official capacity be dismissed. The matter will then proceed solely on the basis of the claims against defendant Mastrada in his individual capacity.

Plaintiff may take no action in response to this Order, in which case the undersigned will direct service on defendant Mastrada, alone. If plaintiff wishes to amend his complaint, he must file an amended complaint on the form provided by the Court and within that complaint, he must write a short, plain statement telling the Court: (1) each constitutional right that plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

The amended complaint must be legibly written or typed in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived.

1 | *Forsyth,* 114 F.3d at 1474.  The Court will screen the amended complaint to determine whether it
2 | contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.
3 |     If plaintiff fails to file an amended complaint or fails to adequately address the issues
4 | raised herein on or before **February 28, 2020**, the undersigned will recommend dismissal of the
5 | claims against defendant Mastrada in his official capacity and against Pierce County Jail and this
6 | matter will proceed solely on claims against defendant Mastrada in his individual capacity.
7 |     The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983
8 | civil rights complaint.  The Clerk is further directed to send copies of this Order and the Pro Se
9 | Instruction Sheet to plaintiff.
10 |     Dated this 24th day of January, 2020.

*(signature)*

J. Richard Creatura
United States Magistrate Judge