UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRELL E. JONES,

           Plaintiff,

   v.

A. MASTANDREA,

           Defendant.

CASE NO. 3:19-cv-06241-BHS-JRC

ORDER GRANTING MOTION TO AMEND AND DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    This matter is before the Court on plaintiff's motion to amend and first amended complaint. *See* Dkts. 7, 8. The Court grants plaintiff's motion to amend, as set forth herein.

    In January 2020, the Court reviewed plaintiff's complaint under 42 U.S.C. § 1983 and issued an order to show cause or amend the complaint if plaintiff wished to proceed on his claims against Pierce County. *See* Dkt. 6. Specifically, the Court advised plaintiff that although solely for screening purposes, he had stated a colorable claim against a defendant (a jail sergeant) in his personal capacity, plaintiff had not stated a claim against Pierce County or the individual defendant in his official capacity. *See* Dkt. 6, at 2. The Court directed plaintiff that if he did not

ORDER GRANTING MOTION TO AMEND AND
DIRECTING PLAINTIFF TO FILE SECOND
AMENDED COMPLAINT - 1

1  amend his complaint, it would proceed solely on the claims against the individual defendant in
2  his personal capacity.  *See* Dkt. 6.
3  In response, plaintiff filed an amended complaint containing only claims against the
4  individual defendant.  *See* Dkt. 7.  Plaintiff then filed a motion to amend his complaint a second
5  time, to include "[t]he City [sic] of Pierce."  Dkt. 8.
6  Plaintiff's complaint has not yet been served, so that he may amend it as a matter of right.
7  *See* Fed. R. Civ. P. 15.  Therefore, the Court grants plaintiff's motion to amend and orders him to
8  provide an amended complaint on or before **April 3, 2020**, on the form provided by the Court.
9  The Court cautions plaintiff that it will screen his second amended complaint as required
10 by 28 U.S.C. § 1915A.  Plaintiff is further warned that a claim against a municipality is not
11 cognizable under § 1983 unless it meets the standards set forth for civil rights claims against
12 local governments explained in the Court's previous screening order.  *See* Dkt. 6, at 4–7.
13 Plaintiff's second amended complaint must contain a "short, plain statement telling the
14 Court: (1) each constitutional right that plaintiff believes was violated; (2) the name or names of
15 the person or persons who violated the right; (3) exactly what each individual or entity did or
16 failed to do; (4) how the action or inaction of each individual or entity is connected to the
17 violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered
18 because of the individuals' conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).
19 The second amended complaint must be legibly written or typed in its entirety, it should be an
20 original and not a copy, it should contain the same case number, and it may not incorporate any
21 part of the first two complaints by reference.  The second amended complaint will act as a
22 complete substitute for the first two complaints and not as a supplement.  An amended complaint
23 supersedes all previous complaints.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.
24

1997), *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the second amended complaint must be complete in itself, and all facts and causes of action alleged in the first two complaints that are not alleged in the second amended complaint are waived. *Forsyth,* 114 F.3d at 1474.

The Clerk will send plaintiff the appropriate form for a 42 U.S.C § 1983 complaint, a copy of this Order, and a copy of the Court's prior screening order (Dkt. 6). Plaintiff's failure to submit his second amended complaint or otherwise comply with this Order on or before **April 3, 2020** shall be deemed a failure to prosecute and may result in dismissal of this matter.

Dated this 10th day of March, 2020.

J. Richard Creatura
United States Magistrate Judge