UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRELL E. JONES,

              Plaintiff,

    v.

A. MASTANDREA,

              Defendant.

CASE NO. 3:19-cv-06241-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: October 30, 2020

The District Court has referred this 42 U.S.C. § 1983 civil rights matter to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(A)–(B). Plaintiff, a pretrial detainee housed in the Pierce County Jail, brings claims against defendant "A. Mastandrea," a jail sergeant, for deliberate indifference to the conditions of plaintiff's confinement in violation of the Fourteenth Amendment. Plaintiff claims that he became ill after using a jailhouse recreation yard that had bird droppings in it and that defendant should have immediately closed the yard, rather than allowing plaintiff to use it for approximately 30 minutes.

1    Defendant has moved to dismiss the claims against him.  Because plaintiff fails to show

2    that there is clearly established law that a brief, one-time exposure to animal waste in a

3    recreation area amounts to deliberate indifference, defendant is correct that qualified immunity

4    bars plaintiff's claims for damages.  Therefore, the motion to dismiss should be granted in part,

5    and plaintiff's claims for damages should be dismissed.  However, the remainder of defendants'

6    arguments are not persuasive, so that the Court should not dismiss plaintiff's claim for injunctive

7    relief.

8    Plaintiff has filed a motion for summary judgment in response to the motion to dismiss.

9    Because plaintiff fails to show that when viewed in the light most favorable to defendant, the

10    material facts are undisputed, plaintiff's summary judgment motion should be denied.

11    **BACKGROUND**

12    Plaintiff alleges that on September 5, 2019, plaintiff witnessed a "visibly . . . inexcusable

13    amount of bird droppings and feathers littered around" the jail recreation yard area.  Dkt. 7, at 4.

14    Plaintiff alleges that a corrections officer called defendant to report the hazardous conditions in

15    the yard.  Dkt. 7, at 5.  Plaintiff states that defendant said that he would "fix it" but failed to

16    immediately close the yard so that it would not be used in the meantime.  Dkt. 7, at 5.

17    Plaintiff claims that within half an hour of being in the dirty jail yard, he began vomiting

18    and became physically ill, so that he had to be escorted to "medical" and remained bedridden for

19    approximately a week.  Dkt. 7, at 5.  He requests damages and that defendant be ordered to take

20    a "safety/hazard class."  Dkt. 7, at 5.

21    Defendant has filed a motion to dismiss, including a notice to plaintiff that granting the

22    motion will result in dismissal of his claims without a trial or evidentiary hearing.  *See* Dkts. 17,

23    18.  Defendant argues both that qualified immunity bars plaintiff's claims for damages and that

24

1    plaintiff has failed to make out a claim of deliberate indifference under the Eighth Amendment.

2    *See* Dkt. 17, at 7.

3        In response to the motion to dismiss, plaintiff has filed a motion for summary judgment.

4    *See* Dkt. 21. Briefing on the motions to dismiss and for summary judgment is ripe.

5    **DISCUSSION**

6    **I. Motion to Dismiss**

7        **A. Legal Standard**

8        Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss on the basis that the

9    complaint fails to state a claim upon which relief can be granted. A motion to dismiss focuses on

10   the allegations in the complaint. The Court examines whether plaintiff alleges sufficient facts to

11   that if taken as true, entitle him to relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

12       A complaint must contain "a short and plain statement of the claim showing that the

13   pleader is entitled to relief," "in order to 'give the defendant fair notice of what the . . . claim is

14   and the grounds upon which it rests[.]'" Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550

15   U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a motion

16   to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

17   to relief that is plausible on its face.'" *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

18   555).

19       When reviewing the motion to dismiss under Rule 12(b)(6), a court must accept as true

20   all factual allegations—but not legal conclusions. *See Iqbal*, 556 U.S. at 678. "When there are

21   well-pleaded factual allegations, a court should assume their veracity and then determine

22   whether they plausibly give rise to an entitlement to relief." *Id.*

23

24

### B.  Constitutional Right

Defendant first argues that plaintiff has failed to show that he was deprived of a constitutional right.  *See* Dkt. 17, at 7.  The premise of this argument is plaintiff proceeds under either procedural due process or the Eighth Amendment's proscription against cruel and unusual punishment.  *See* Dkt. 17, at 7.

The undersigned finds that plaintiff does not proceed—and has not stated a viable claim—under either the Fourteenth Amendment's procedural due process protections or the Eighth Amendment's proscription against cruel and unusual punishment.  But defendant overlooks that plaintiff's deliberate indifference claim arises under the Fourteenth—not the Eighth—Amendment because plaintiff was a pretrial detainee at the time of the alleged events.  *See Castro v. Cty. of L.A.*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (en banc) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, *if not yet convicted, under the Fourteenth Amendment's Due Process Clause*." (Emphasis added.)).

Under the Fourteenth Amendment, a pretrial detainee bringing a conditions of confinement claim must show that the conditions under which that detainee was confined "put the plaintiff at substantial risk of suffering serious harm."  *Castro*, 833 F.3d at 1071.  By contrast, an individual imprisoned upon conviction must show that the condition of confinement caused "suffering . . . inconsistent with contemporary standards of decency."  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  Further, although a plaintiff must establish under the Eighth Amendment that a defendant official demonstrated "a *subjective awareness* of the risk of harm," *Castro*, 833 F.3d at 1068, under the Fourteenth Amendment, a pre-trial detainee need only prove that the official's conduct was "objectively unreasonable."  *Id.* at 1071.  That is, the pre-trial

1  detainee must "prove more than negligence but less than subjective intent—something akin to

2  reckless disregard." *Id.*

3       Defendant argues that plaintiff has neither shown that defendant acted "with a culpable

4  state of mind" nor that "the alleged harm was 'cruel and unusual.'"  Dkt. 17, at 8.  But under the

5  law set forth above, defendant's subjective state of mind is not relevant to the Fourteenth

6  Amendment inquiry, which is objective.  And the inquiry is not whether the alleged harm

7  amounted to cruel and unusual punishment, but whether it put plaintiff at a substantial risk of

8  serious harm.  Thus, defendant's arguments are not persuasive.

9       Defendant makes no argument discussing the relevant Fourteenth Amendment standards

10  set forth by the Ninth Circuit in *Castro v. County of Los Angeles* and its progeny.  Instead, as

11  noted, defendant focuses on the law regarding Eighth Amendment claims that applies to

12  deliberate indifference claims brought by prisoners—not pretrial detainees.  Therefore,

13  defendant's motion to dismiss on the basis of the Eighth Amendment lacks merit.

14       **C.  Qualified Immunity**

15       Defendant alternatively argues that there is no clearly established law "that a corrections

16  officer's failure to immediately clean bird feces and feathers from a recreation yard rises to the

17  level of a constitutional violation."  Dkt. 17, at 6.

18       A defendant in a § 1983 action is entitled to qualified immunity from damages for civil

19  liability if his conduct did not violate clearly established statutory or constitutional rights of

20  which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

21  Regarding whether the law was clearly established, the Court inquires whether the right was

22  clearly established at the relevant time "in light of the specific context of the case, not as a broad

23  general proposition."  *Id.* at 201.  "Once the defense of qualified immunity is raised by the

24

REPORT AND RECOMMENDATION - 5

1    defendant, the plaintiff bears the burden of showing that the rights allegedly violated were

2    'clearly established.'" *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000).

3            Granting dismissal on this basis pursuant to a Rule 12(b)(6) motion is appropriate if the

4    Court can determine from the face of the complaint that qualified immunity applies. *Groten v.*

5    *California*, 251 F.3d 844, 851 (9th Cir. 2001); *see also Heck v. Gage*, No. C11-5539-BHS-JRC,

6    2012 WL 1145290, at *3 (W.D. Wash. Mar. 6, 2012) (recommending granting motion to dismiss

7    on the basis that qualified immunity applied), *report and recommendation adopted*, No. C11-

8    5539BHS, 2012 WL 1145220 (W.D. Wash. Apr. 5, 2012).

9            Plaintiff's argument is that defendant was deliberately indifferent by failing to close the

10   dirty recreation yard immediately.  Plaintiff bases his claims on a one-time exposure to the dirty

11   yard, for approximately half an hour after defendant allegedly refused to close the yard. *See* Dkt.

12   7. The Court therefore analyzes whether there is a clearly established right to be free from a one-

13   time exposure to a jail recreation yard that had unsanitary levels of animal waste.

14           Although it is plaintiff's burden to show a clearly established right, plaintiff fails to do so.

15   *See* Dkt. 21.  The Court has independently reviewed cases involving conditions of confinement

16   of pretrial detainees and does not find that the law was clearly established at the time of the

17   alleged deprivation that a one-time exposure to an unsanitary jailhouse yard was

18   unconstitutional.   In the most similar published Ninth Circuit case, the Court concluded that

19   even confinement in a "safety cell" with a pit toilet encrusted in human waste did not violate

20   pretrial detainees' Fourteenth Amendment rights where the confinement was only temporary.

21   *See Anderson v. Cnty. of Kern,* 45 F.3d 1310, 1314 (9th Cir.1995) (indicating that a lack of

22   sanitation must be severe and prolonged to constitute a Fourteenth Amendment violation).

23           Absent binding Ninth Circuit precedent addressing a more similar situation, the Court

24

looks to nonbinding precedent.  *See Elder v. Holloway*, 510 U.S. 510, 512, 516 (1994).  Cases

that have found a Fourteenth Amendment violation have involved much more severe exposure to

unsanitary conditions than that alleged here.  For instance, in *Turano v. Cty. of Alameda*, a

district court concluded that allegations of "filthy cells covered in garbage, partially rotting food,

used medical supplies, and human bodily fluids" stated a claim for violation of the Fourteenth

Amendment.  *Turano v. Cty. of Alameda*, No. 17-CV-06953-KAW, 2018 WL 5629341, at *5

(N.D. Cal. Oct. 30, 2018).  And in *Jones v. Special Commitment Center*, the Ninth Circuit

concluded that a civil commitment center's dirty water violated the Fourteenth Amendment.

There, the conditions included that the water in a housing unit was "often brown, had floating

debris, and at least once" caused two detainees to become ill, and there was evidence that more

than once, the water was not usable and plaintiff could not shower, wash, or shave.  *Jones v.

Special Commitment Ctr.*, 644 F. App'x 721, 721–22 (9th Cir. 2016); *see also Lavoll v. Keller*, 5

F. App'x 682, 684 (9th Cir. 2001) (being forced to eat and sleep on a cold concrete floor covered

in human waste violated pretrial detainee's Fourteenth Amendment rights).  This authority would

not put a reasonable officer on notice that a pretrial detainee's one-time, one-half hour exposure

to animal waste in a jailhouse recreation yard was unconstitutional.

In a case involving one-time exposure to animal waste, in contrast, a court in this circuit

found no Fourteenth Amendment violation.  *See Penny v. Ahern*, No. 19-CV-06307-EMC, 2020

WL 1245343, at *2 (N.D. Cal. Mar. 16, 2020) (Plaintiff's "allegation that he once saw rodent

droppings on a food tray does not describe a condition sufficiently serious to show that he was

put at substantial risk of suffering serious harm."  (Internal quotation omitted.)); *accord Solomon

v. Nassau Cty.*, 759 F. Supp. 2d 251, 258 (E.D.N.Y. 2011) (collecting cases concluding that

"conditions that are temporary or occasional, such as the mere 'presence of rodents' without

1    more have been found not to constitute 'a sufficiently serious deprivation' to sustain a Section

2    1983 deliberate indifference claim").

3         Based on these authorities, the undersigned finds that the law was not clearly established

4    at the time of the alleged constitutional violation that defendant's conduct violated the

5    Fourteenth Amendment.  Therefore, the motion to dismiss should be granted on the basis that

6    qualified immunity bars plaintiff's claims for damages.  Leave to amend should not be granted

7    because amendment would be futile so long as plaintiff contends that a one-time exposure to

8    animal waste constituted deliberate indifference.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248

9    (9th Cir. 1995) (leave to amend should not be granted if amendment would be futile).

10        The Court notes, however, that defendant makes no separate arguments addressed to

11   plaintiff's claim for injunctive relief.  Because qualified immunity does not bar claims for

12   injunctive relief, plaintiff's claim for injunctive relief should survive the motion to dismiss.

13   **II.  Motion for Summary Judgment**

14        The undersigned has reviewed plaintiff's motion for summary judgment and finds that it

15   lacks merit.  To prevail on a motion for summary judgment, plaintiff must show that there is no

16   genuine dispute as to any material fact and that he is entitled to judgment as a matter of law.

17   Fed. R. Civ. P. 56(a).  When presented with a motion for summary judgment, the court shall

18   review the pleadings and evidence in the light most favorable to the nonmoving party.

19   *Anderson*, 477 U.S. at 255 (citation omitted).

20        Here, the substantive elements of plaintiff's claim of deliberate indifference are—

21   (1) The defendant made an intentional decision with respect to the conditions under
     which the plaintiff was confined;

22   (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

23   (3) The defendant did not take reasonable available measures to abate that risk,
     even though a reasonable officer in the circumstances would have appreciated the
     high degree of risk involved—making the consequences of the defendant's conduct

24

obvious; and

      (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071.

Viewing the evidence in the light most favorable to defendant, as the Court must, plaintiff's evidence reveals factual ambiguities regarding these elements, so that judgment in plaintiff's favor is not appropriate at this time.  For instance, plaintiff does not provide evidence other than timing regarding whether he became ill because of 30 minutes in the recreation yard or some other factor.  Nor does plaintiff provide evidence from which the Court could conclude that it would be obvious to a reasonable officer that spending 30 minutes in a jail yard with bird droppings and feathers could cause serious illness.

Moreover, the Court notes that little discovery has yet occurred in this matter.  Indeed, the Court has yet to post its pretrial scheduling order setting the schedule for discovery and dispositive motions.  As such, the summary judgment motion is premature at this stage, before significant discovery has occurred.

Therefore, the undersigned recommends that plaintiff's summary judgment motion be denied without prejudice to his ability to renew the motion at an appropriate later date.

## CONCLUSION

For the reasons set forth above, the Court recommends that the motion to dismiss (Dkt. 17) be granted in part.  All claims except plaintiff's claim for injunctive relief should be dismissed without leave to amend.  Plaintiff's summary judgment motion (Dkt. 21) should also be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

1   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

2   of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

3   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

4   imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 30,**

5   **2020,** as noted in the caption.

6          Dated this 5th day of October, 2020.

7

8

9

10         J. Richard Creatura
           United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24