|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRELL E. JONES,

        Plaintiff,

   v.

A. MASTANDREA et al,

        Defendant.

CASE NO. 3:19-cv-06241-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: July 9, 2021

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is defendant's motion for judgment on the pleadings. Dkt. 37. Plaintiff, proceeding *pro se* and *in forma pauperis*, was at the time of his complaint a pretrial detainee housed in the Pierce County Jail. Plaintiff alleges that the presence of bird droppings and feathers in the jail's exercise yard posed dangerous conditions to which defendant was deliberately indifferent. Dkt. 7, at 4–5. The Court previously dismissed plaintiff's claims for

REPORT AND RECOMMENDATION - 1

damages on qualified immunity grounds. Dkts. 26, 32. Defendant now seeks judgment on the pleadings dismissing plaintiff's request for injunctive relief. Dkt. 37.

Because plaintiff has been released from the Pierce County Jail, his request for injunctive relief has become moot. Furthermore, plaintiff has pled no facts demonstrating a real or immediate threat of any future injury. The Court therefore recommends that defendant's motion to dismiss plaintiff's request for injunctive relief be granted, and—because that request was all that remained in this case—that plaintiff's complaint be dismissed with prejudice.

## BACKGROUND

Plaintiff alleges that he witnessed a "visibly . . . inexcusable amount of bird droppings and feathers littered around" the jail recreation yard area, which a corrections officer reported to defendant. Dkt. 7, at 4–5. Plaintiff states that defendant said that he would "fix it" but failed to immediately close the yard so that it would not be used in the meantime. Dkt. 7, at 5. Plaintiff claims that within half an hour of being in the dirty jail yard, he began vomiting and became physically ill, so that he had to be escorted to "medical" and remained bedridden for approximately a week. Dkt. 7, at 5. The complaint requests monetary damages and injunctive relief requiring that defendant take a "safety/hazard class." Dkt. 7, at 9.

Defendant moved to dismiss all of plaintiff's claims (Dkt. 17) and plaintiff moved for summary judgment (Dkt. 21). This Court recommended that defendant's motion be granted in part—to dismiss plaintiff's claims for damages because defendant was protected by qualified immunity—but recommended denial of defendant's motion with respect to plaintiff's claims for injunctive relief and denial of plaintiff's motion for summary judgment. Dkt. 26. District Court Judge Benjamin H. Settle adopted the report and recommendation. Dkt. 32. After the Report and

1 | Recommendation was docketed, plaintiff filed a notice of change of address, stating that he had been released from the Pierce County Jail. Dkt. 31.

Defendant now seeks judgment on the pleadings dismissing plaintiff's remaining claim for injunctive relief. Dkt. 37. The Court, at plaintiff's request, has granted two extensions of time to permit plaintiff to respond (Dkts. 39, 42); however, plaintiff has not filed a response. Defendant filed a reply. Dkt. 43.

## STANDARD OF REVIEW

Defendants seek dismissal of plaintiff's remaining injunctive relief request pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 37. A motion for a judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999). Because the motions are functionally identical, the same standard of review that is applicable to a Rule 12(b)(6) motion to dismiss applies to its Rule 12(c) analog. *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108–09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

When a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 US 519 (1972), *reh'g denied,* 405 U.S. 948 (1972); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc) (petitioner should be afforded the "benefit of any doubt"). However, a liberal construction cannot supply an essential fact that a prisoner has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

## DISCUSSION

Plaintiff seeks an injunction requiring that defendant take a "safety/hazard class." Dkt. 7, at 5. Defendants seek dismissal of the request for injunctive relief because plaintiff has failed to show a real or immediate threat of future injury. Dkt. 37.

To establish standing to obtain prospective injunctive relief, a plaintiff must show that "the alleged threatened injury is sufficiently likely to [recur]." *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010). Put another way, a plaintiff must "demonstrate 'that he is realistically threatened by a repetition of [the violation].'" *Melendres v. Arpaio*, 695 F.3d 990, 997–98 (9th Cir. 2012) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 109 (1983)). A plaintiff may prove that such an injury is likely to recur by showing: (1) "the defendant had, at the time of the injury, a written policy, and that the injury 'stems from' that policy;'" or (2) "the harm is part of a 'pattern of officially sanctioned behavior, violative of the plaintiffs' [federal] rights.'" *Id.* at 998 (quoting *Mayfield,* 599 F.3d at 971). "[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility." *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001); *Dilley v. Gunn,* 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims

for injunctive relief relating to the prison's policies unless the suit has been certified as a class action."). An exception to the mootness doctrine exists if a plaintiff shows there is a "reasonable expectation" or "demonstrated probability" he will return to the prison from which he was transferred or released. *See Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986).

At the time of the alleged actions raised in the Complaint, Plaintiff was housed at Pierce County Jail, but he has since been released. *See* Dkt. 31. Therefore, his request for injunctive relief for conditions at the jail have become moot. *Nelson*, 271 F.3d at 897. Plaintiff has not alleged any facts establishing a reasonable probability that he will return to the Pierce County Jail. *See Reimers v. Oregon,* 863 F.2d 630, 632 (9th Cir.1988) (plaintiff who had been released from prison had no reasonable expectation of return because such return would occur only if the plaintiff committed additional criminal acts).

Furthermore, plaintiff has not alleged that he is subject to any real or immediate threat of future injury by defendant. *See* Dkt. 7. Plaintiff has not pled any facts demonstrating that his injuries stem from a written policy or that the harm he suffered is part of a pattern of officially sanctioned behavior. Plaintiff has not alleged any facts establishing that even if he were to return to the Pierce County Jail in the future, he would encounter similar conditions. Indeed, he has alleged no facts establishing that the conditions of which he complains were anything but a one-time occurrence. *See Nelsen v. King Cty.*, 895 F.2d 1248, 1250 (9th Cir. 1990) (what "a plaintiff must show is not a probabilistic estimate that the general circumstances to which the plaintiff is subject may produce future harm, but rather an individualized showing that there is 'a very significant possibility' that the future harm will ensue"); *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999) (injunctive relief not warranted where the alleged harm had occurred only one time in ten years and was unlikely to recur).

1  Plaintiff has not alleged facts demonstrating that he has standing to pursue injunctive
2  relief. The Court therefore recommends that defendant's motion to dismiss plaintiff's request for
3  injunctive relief be granted and that this case be dismissed.

**CONCLUSION**

For the reasons set forth above, the Court recommends that defendant's motion for judgment on the pleadings (Dkt. 37) be GRANTED, plaintiff's request for injunctive relief be DISMISSED and this case be DISMISSED with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 9, 2021** as noted in the caption.

Dated this 21st day of June, 2021.

J. Richard Creatura
Chief United States Magistrate Judge